UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **JOHN MORGAN**, individually and for others similarly situated,<br><br>v.<br><br>**SL GLOBAL INVESTMENTS, LLC** | Case No: 4:17-cv-368<br><br>Collective Action |

# ORIGINAL COMPLAINT

## SUMMARY

1.  SL Global Investments, LLC d/b/a Field Personnel Resources (FPR) did not pay John Morgan (Morgan) overtime as required by federal law.

2.  Instead, FPR paid Morgan a set amount for each day (or half-day) worked, with no overtime pay if he worked more than 40 in a workweek.

3.  Morgan brings this collective action to recover the unpaid overtime and other damages owed to him and other workers like him.

## JURISDICTION AND VENUE

4.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 a significant portion of the facts giving rise to this lawsuit occurred in this District and Division.

6.  FPR is headquartered in this District and Division.

7.  Morgan was hired, and currently lives, in this District and Division.

## PARTIES

8.  Morgan is an employee of FPR. His written consent is attached.

9. FPR is a limited liability company. FPR may be served with process by serving its registered agent.

## FACTS

10. FPR offers contract staffing for all facets of the energy industry; specializing in field personnel for exploration, appraisal and development drilling activities on US land.

11. FPR's gross revenues exceeded $1,000,000 in 2014.

12. FPR's gross revenues exceeded $1,000,000 in 2015.

13. FPR's gross revenues exceeded $1,000,000 in 2016.

14. Since at least 2014, FPR has employed at least 2 employees who handle, sell, or otherwise work on goods or materials, such as tools, phones, computers, pens, and/or hard hats, that have moved in, or were produced for, commerce.

15. Since at least 2014, FPR has been an enterprise covered by the FLSA.

16. FPR is an employer of the personnel it provides to its clients.

17. FPR retains the right to terminate its personnel's employment.

18. FPR's clients often provide pay rates and guidelines that FPR must follow in paying the personnel.

19. FPR's personnel are supervised by FPR's clients.

20. FPR's personnel regularly perform their job duties at locations controlled by FPR's clients and act as an integral part of the clients' workforces.

21. Thus, the personnel provided by FPR are often employees and/or joint employees of FPR's clients as well.

22. Morgan is an MWD hand employed by FPR.

23. Morgan has worked for FPR since 2015.

24.     FPR originally classified Morgan as an "independent contractor" (despite the fact he was actually an employee).

25.     During this period, FPR paid Morgan on a day-rate basis.

26.     Morgan reported the hours he worked to FPR on a regular basis.

27.     If Morgan worked fewer than 40 hours in a week, would be paid only for the hours he worked.

28.     But Morgan normally worked more than 40 hours in a week.

29.     In fact, Morgan often worked at least 84 hours in a week.

30.     His hours are reflected, at least in part, in FPR's records.

31.     FPR's records reflect Morgan worked far more than 40 hours a week.

32.     However, during the period FPR paid Morgan a day-rate, FPR never paid Morgan overtime.

33.     FPR later switched Morgan's classification from "independent contractor" to employee.

34.     FPR changed Morgan's classification to "employee" at the direction of one of its clients.

35.     Following the reclassification from independent contractor to employee, FPR paid Morgan by the hour, with overtime for hours worked in excess of 40 in a workweek.

36.     Since at least 2015, FPR was aware of the overtime requirements of the FLSA.

37.     In fact, on information and belief, FPR pays overtime to its in-house staff (such as secretaries and receptionists).

38.     FPR nonetheless failed to pay certain employees, such as Morgan, overtime.

39.     FPR's failure to pay overtime to its day-rate personnel was, and is, a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

40.     FPR's illegal "day-rate" payment policy extends well beyond Morgan.

41. FPR paid dozens of workers according to the same unlawful day-rate scheme.

42. Like Morgan, FPR classified these workers as independent contractors.

43. Like Morgan, these workers performed their work in the oilfield.

44. If they were employed at the time of the reclassification in late 2016, FPR reclassified these workers from so-called "independent contractors" to admitted "employees."

45. Any differences in job duties do not detract from the fact that the day-rate workers were entitled to overtime pay.

46. The workers impacted by FPR's "day-rate" payment scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

47. Therefore, the class is properly defined as:

**All oil field workers who worked for FPR during the past 3 years while being paid on a day-rate basis.**

## CAUSE OF ACTION

48. By failing to pay Morgan and those similarly situated to him overtime at one-and-one-half times their regular rates, FPR violated the FLSA's overtime provisions.

49. FPR owes Morgan and those similarly situated to him the difference between the rate actually paid and the proper overtime rate.

50. Because FPR knew, or showed reckless disregard for whether, its pay practices violated the FLSA, FPR owes these wages for at least the past three years.

51. FPR is liable to Morgan and those similarly situated to him for an amount equal to all unpaid overtime wages as liquidated damages.

52. Morgan and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## PRAYER

Morgan prays for relief as follows:

1. An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly employees who received straight time for overtime;

2. Judgment awarding Morgan and those similarly situated to him all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief to which Morgan and those similarly situated to him may show themselves to be justly entitled.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: **/s/ Rex Burch**
_____
Richard J. (Rex) Burch
Texas Bar No. 24001807
David I. Moulton
Texas Bar No. 24051093
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
(713) 877-8788 – Telephone
(713) 877-8065 – Facsimile
rburch@brucknerburch.com
dmoulton@brucknerburch.com

DocuSign Envelope ID: 5F9A4064-8A85-475B-B230-F0A3B66F3145

| | |
|---|---|
| IN RE: OVERTIME ACTION ] | COLLECTIVE ACTION |
| ] | |
| FIELD PERSONNEL RESOURCES, ET AL. ] | NOTICE OF CONSENT |
| ] | |

I consent to be a party plaintiff in an action to collect unpaid wages.

_____
Signature

John P. Morgan
_____
Print Name